Fallon agt. Durant.

## SUPREME COURT.

JOHN FALLON agt. CHARLES W. DURANT and others.

*Reply — When denial upon information and belief is insufficient — Answer — Complaint — Code of Civil Procedure, sections 493, 514.*

A denial by plaintiff in his reply, upon information and belief, of allegations in defendant's answer, is insufficient where the facts set up in the answer are clearly within the plaintiff's knowledge as appears by the averments in his complaint.

*Special Term, December*, 1880.

DEMURRER to reply.

*Norwood & Coggeshall*, for demurrer.

*Walsh & Eckerson*, opposed.

Fallon agt. Durant.

VAN VORST, *J.* — The plaintiff's reply is clearly insufficient. The defense in the answer, to which the reply under the order of the court was interposed, sets up facts clearly within the plaintiff's knowledge. He knew when the injury was sustained by himself, for he has clearly stated it in his complaint. By his reply he denies, "upon information and belief, each and every allegation" contained in the answer setting up the new matter. The Code does not authorize a denial in that form.

Section 514, which applies to this pleading, provides a form of denial. It must contain "a general or specific denial of each material allegation controverted," or "of any knowledge or information thereof sufficient to form a belief" (*Code Civil Procedure, sec.* 493).

The plaintiff in his reply fails wholly to meet the requirements of the Code in his denial.

I do not mean to decide that a party cannot deny allegations contained in a pleading upon information and belief. There are cases when such method of denial would be highly proper. But when, as is manifest in this case from the allegations contained in his complaint, which forms a part of the record before me, he attempts to deny upon information and belief facts within his knowledge, such denial must in law be regarded as insufficient.

The question could, without doubt, have been raised by a motion to strike out the pleading, but the objection may also be taken by demurrer.

There must be judgment for the defendant on the demurrer, with liberty to the plaintiff to amend on payment of costs.